UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK CHARLES BRANCH,<br><br>Plaintiff,<br><br>v.<br><br>JERRY BROWN, et al.,<br><br>Defendants. | No. 2:14-cv-53-EFB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATVE REMEDIES</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In the complaint, plaintiff concedes that he did not pursue administrative relief prior to commencing this action. ECF No. 1. This action must therefore be dismissed for plaintiff's failure to exhaust administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception applies).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute

1

making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney*, 311 F.3d 1198; *see also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.*, § 3084.1(b).

On his form complaint, plaintiff indicates that a grievance procedure is available at his place of confinement. ECF No. 1, § II. He indicates that he has not filed a grievance concerning the facts relating to the instant complaint because the complaint concerns "a matter of statutory construction." *Id.* In stating his claim, plaintiff alleges that the warden should have released him from prison over six years ago, and asks the court to "declare that a state statute that requires that statutory good time credit reduce a minimum term of 15 years imprisonment . . . and . . . applies good time credit to reduce the term specified, creates a liberty interest . . . ." *Id.* § V. Plaintiff appears to believe that his failure to seek administrative relief is excused because his complaint involves the interpretation of a statute. Exhaustion, however, is mandatory in actions concerning "prison conditions." *See* 42 U.S.C. § 1997e. "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).

/////

Plaintiff's complaint against the warden plainly falls into this category, and plaintiff's proposed exception to the exhaustion requirement does not excuse his failure to seek administrative review. *See Booth*, 532 US at 741 n. 6 (stating courts should not read "futility or other exceptions" into § 1997e(a)); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."); *id.* ("All 'available' remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'")

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The allegations in the complaint demonstrate that plaintiff has not "properly exhausted" his claims by pursuing all levels of administrative review available to him, and that there is no applicable exception to the exhaustion requirement. This action must therefore be dismissed without prejudice. *See Wyatt*, 315 F.3d at 1120.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE